### SOUTHERN NATURAL GAS CO. v. NORSWORTHY et al.
#### Civ. A. No. 3322.

United States District Court
W. D. Louisiana, Monroe Division.
Aug. 8, 1951.

Thompson, Thompson & Sparks, Monroe, La., for plaintiff.

Joseph S. Guerriero, Monroe, La., for defendants.

DAWKINS, Chief Judge.

This is a suit to condemn a right of way for an additional pipeline over the property of the defendants, there being already upon the land two pipelines of similar nature. The plaintiff owns a previously acquired right of way 60 feet in width, and the additional space sought is 27½ feet in width east of the railroad right of way of the Missouri Pacific Railway Company and 22½ feet west of that line, with a total length across highways, railroads and lands of the defendants of 5,330 feet, embracing 3.317 acres of land.

The defendants in their answer claimed a total of $13,778, which covered a right of way alleged to consist of 6.16 acres, valued at $3080, depreciation in value of the property due to construction of the proposed line of $3500, and the balance damages for alleged crop destruction which would result from the laying of the additional pipeline. Included in the alleged damage was the placing of the third pipeline some 15 feet closer to a residence of one of the defendants, or within 45 feet as against 60 feet at the present time. The court was informed in the course of the trial that this last item of damage had been amicably settled by the parties and does not have to be considered.

The remaining questions left for determination are: the value of the additional right of way to be acquired, such further damage as will be caused by the placing of another high pressure pipeline on the property, and the values of the crops currently growing on the land that will be destroyed in the construction of the proposed line.

Defendants claim the area upon which crops will be destroyed is 60 feet wide through the entire length of the cultivated lands; however, the evidence shows that in reality only 45 feet will be used for this purpose, and the parties were advised by the court at the end of the trial that it would figure the matter on the latter basis, with a definite understanding that if more than 45 feet in width of crops were destroyed, the plaintiff should pay therefor on the same basis as is determined herein with respect to the 45 feet.

First, as to the additional right of way: The testimony of witnesses for the plaintiff was given by farmers or planters, as they are sometimes called—as distinguished from small one- or two-horse operators—who had had long years of experience in producing similar crops on lands of substantially the same kind and character as defendants', and there appeared no reason for their fixing values at figures more or less than they honestly believed to be fair—in fact, they indicated they were giving the "edge" to defendants. These witnesses fixed the value of the land in fee at $125 per acre at the maximum, and this is supported by the proof of a comparatively recent sale of a tract of some 500 acres closer than the lands of defendants to the village of Collinston, some of which is in the municipality itself, with improvements, at the figure of $110 per acre. The values of defendants' witnesses were based upon the unrealistic idea that the land was worth as much as it would produce in cotton at the present market price without respect to the cost of producing, cultivating and gathering, or some four to five hundred dollars an acre,

784

which of course is entirely speculative and disregards the proper criterion as to what a willing seller would demand and a willing buyer would pay. Therefore, this court is of the view that the fair market value of the land in fee would be $125 per acre. The defendants will have the right to cultivate the entire right of way and to use it for pasturage or such other purposes as will not interfere with the operation of the pipeline. The telephone poles and wires are already upon the land and were put there under the right of way which plaintiff purchased before defendants acquired the property. From this value of $125, 25% should be deducted, since only the right of way will be condemned ($125 minus $31.25), leaving the value of the right of way at $93.75. While the major portion of the damage resulting from the presence of high pressure pipelines upon the land had already been done and accounted for when defendants acquired the property, there will be some further damage insofar as the future use of the property for purposes other than agriculture is concerned, and it is believed that this practically offsets the deduction for right of way as against fee title. This calculation would leave the value at the figure of $125 per acre, and there being 3.173 acres upon which the right of way will be condemned, produces the sum of $314.63 for the right of way and incidental damages.

■ The figures of the witnesses on either side as to the value of the crops are not as far apart as they are with respect to the land, when it is considered that plaintiff's made their calculations on a 45-foot strip, whereas defendants' were based on a space 60 feet wide. After carefully considering the evidence on both sides and giving greatest weight to that of the more experienced and disinterested witnesses, and allowing for the difference in area, bias, etc., shown on the part of some of the witnesses, it is believed that the following are fair estimates of the values of the crops in their present condition and ungathered on the land:

Corn .......................... $ 75.00
Cotton ....................... 500.00
Beans ........................ $100.00
Deprivation of use of pasture..... 75.00

Total........ $750.00

From which it follows that the total damages to be awarded should be:

For right of way and damages to
 land ......................... $ 314.63
Damages to crops, etc........... 750.00

Total........ $1064.63

There should be judgment accordingly condemning a right of way of the widths on the east and west sides of the railroad, respectively, as stated above, and awarding defendants recovery in the total sum of $1064.63.